Joseph E. Gasperetti (JG 2120)
Gideon Mark (GM 8990)
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, Ninth Floor
New York, New York 10020
(212) 785-9100

Attorneys for Defendant M & R Capital
Management, Inc.


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| LOCAL 810 AFFILIATED PENSION FUND and LOUIS SMITH, MICHAEL SMITH, ROY BARNES, and PETER AJALAT, TRUSTEES OF THE LOCAL 810 AFFILIATED PENSION FUND<br><br>and<br><br>UNITED WIRE, METAL & MACHINE PENSION FUND and LOUIS SMITH, THOMAS FEELEY, DONNA SANTORO, HARVEY MORGAN, ROBERT ZISKIN, and PETER AJALAT, TRUSTEES OF THE UNITED WIRE, METAL & MACHINE PENSION FUND,<br><br>      Plaintiffs,<br><br>    v.<br><br>PRUDENTIAL FINANCIAL, INC., M&R CAPITAL MANAGEMENT, INC., ALAN STUART FIELDS, CITIGROUP GLOBAL MARKETS, INC., UBS INTERNATIONAL, INC., and WACHOVIA SECURITIES, LLC,<br><br>      Defendants. | No. 08 CIV 0421(DMC) |

---

## M&R CAPITAL MANAGEMENT, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO COMPLAINT

M&R Capital Management, Inc. ("M&R"), as and for its Answer, Affirmative Defenses, and Counterclaim, alleges:

1. Denies the allegations contained in Paragraphs 1, 2, and 3, inclusive, of the Complaint.

2. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Complaint.

3. Admits the allegations contained in Paragraphs 5, 6, and 7, inclusive, of the Complaint.

4. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 8 and 9 of the Complaint.

5. Avers that Paragraphs 10, 11, 12, and 13, inclusive, of the Complaint set forth legal conclusions and therefore no response is required.

6. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 14 and 15 of the Complaint.

7. Admits the allegations contained in Paragraph 16 of the Complaint.

8. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 17, 18, 19, 20, 21, and 22, inclusive, of the Complaint.

9. Admits the allegations contained in Paragraph 23 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth or falsity of the final sentence.

10. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Complaint.

11. Admits the allegations contained in Paragraphs 25, 26, 27, and 28, inclusive, of the Complaint.

12. Denies the allegations of paragraph 29 of the Complaint.

13. Admits the allegations contained in Paragraph 30 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth or falsity of the final sentence.

14. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 31, 32, and 33, inclusive, of the Complaint.

15. Admits the allegations contained in Paragraph 34 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth or falsity of the second and fourth sentences.

16. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 35, 36, 37, and 38, inclusive, of the Complaint.

17. Admits the allegations contained in Paragraph 39 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth or falsity of the last sentence.

18. Denies the allegations contained in Paragraphs 40 and 41 of the Complaint.

19. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 and 43 of the Complaint, except admits that M&R was a fiduciary.

20. Denies the allegations contained in Paragraphs 44, 45, and 46, inclusive, of the Complaint.

21. Denies the allegations contained in Paragraphs 47 and 48 of the Complaint, except admits that Alan Fields introduced the Local 810 Fund account to M&R.

22. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 49-86, inclusive, of the Complaint.

23. Denies the allegations contained in the first sentence of Paragraph 87 of the Complaint and respectfully refers the Court to the text of the subject agreement for its full terms and conditions. Admits the allegations

contained in the second sentence of Paragraph 87 of the Complaint.

24.  Denies the allegations contained in Paragraphs 88, and 89, inclusive, of the Complaint.

25.  Denies the allegations of paragraph 90, except admits that M & R ceased managing the Local 810 account on April 29, 2005.

26.  Denies the allegations contained in Paragraph 91 of the Complaint, except admits that Steven Gilman and James Smith were advised that all trades would be executed by Mr. Fields.

27.  Denies the allegations contained in Paragraph 92 of the Compliant, except admits that UBS received a commission of $0.06 per share.

28.  Denies the allegations contained in Paragraphs 93, 94, 95, and 96, inclusive, of the Complaint.

29.  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 97 of the Complaint.  Denies the remainder of the allegations set forth in Paragraph 97 of the Complaint.

30.  Denies the allegations contained in Paragraphs 98, 99, 100, 101, 102, and 103, inclusive, of the Complaint.

31.  Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 104 of the Complaint, insofar as such allegations pertain to defendants other than M&R.  Admits that Plaintiffs have made demands to M&R and avers that

each such demand was rejected.

32. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 105, 106, 107, 108, 109, 110, 111, 112, and 113, inclusive, of the Complaint.

33. M&R realleges and restates each and every response set forth above, as if set forth fully herein, in response to Paragraph 114 of the Complaint.

34. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 115, 116, 117, 118, 119, 120, and 121 of the Complaint.

35. M&R realleges and restates each and every response set forth above, as if set forth fully herein, in response to Paragraph 122 of the Complaint.

36. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 123, 124, and 125 of the Complaint.

37. M&R realleges and restates each and every response set forth above, as if set forth fully herein, in response to Paragraph 126 of the Complaint.

38. Denies the allegations contained in Paragraphs 127, 128, 129, 130, 131, and 132, inclusive, of the Complaint.

39. M&R realleges and restates each and every response set forth above, as if set forth fully herein, in response to Paragraph 133 of the Complaint.

40. Denies the allegations contained in Paragraphs 134, 135, and 136, inclusive, of the Complaint.

41. Denies the allegations contained in Paragraph 137 of the Complaint, and avers that Plaintiffs garnered profits in excess of $4 million, net of withdrawals, as a consequence of M&R's efforts and expertise in managing the Local 810 Account.

42. M&R realleges and restates each and every response set forth above, as if set forth fully herein, in response to Paragraph 138 of the Complaint.

43. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 139 and 140 of the Complaint.

44. M&R realleges and restates each and every response set forth above, as if set forth fully herein, in response to Paragraph 141 of the Complaint.

45. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 142, 143, 144, and 145, inclusive, of the Complaint.

46. M&R realleges and restates each and every response set forth above, as if set forth fully herein, in response to Paragraph 146 of the Complaint.

47. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 147 insofar as they pertain to the other defendants in this action. Denies the allegations contained in Paragraph 147 insofar as they pertain to M&R.

48. Denies the allegations contained in Paragraph 148 of the Complaint.

49. Denies the allegations contained in Paragraph 149 of the Complaint, and avers that Plaintiffs garnered profits in excess of $4 million, net of withdrawals, as a consequence of M&R's efforts and expertise in managing the account.

50. Denies the allegations contained in Paragraph 150 of the Complaint.

51. M&R realleges and restates each and every response set forth above, as if set forth fully herein, in response to Paragraph 151 of the Complaint.

52. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 152 and 153 of the Complaint.

53. M&R realleges and restates each and every response set forth above, as if set forth fully herein, in response to Paragraph 154 of the Complaint.

54. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 155, 156, and 157, inclusive, of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

55. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

56. The Complaint is barred in whole or in part by virtue of the

doctrines of laches.

### Third Affirmative Defense

57. The Complaint is barred in whole or in part by virtue of the doctrines of waiver and estoppel.

### Fourth Affirmative Defense

58. The claims asserted against M&R are barred because Plaintiffs ratified each of the transactions at issue.

### Fifth Affirmative Defense

59. The claims asserted against M&R are barred by virtue of Plaintiffs' unclean hands.

### Sixth Affirmative Defense

60. The Complaint is barred in whole or in part by the applicable statutes of limitation.

### Seventh Affirmative Defense

61. The Complaint is barred in whole or in part by virtue of Plaintiffs' contributory or comparative negligence.

### Eighth Affirmative Defense

62. The Complaint is barred in whole or in part b virtue of Plaintiff's assumption of the risk

### Ninth Affirmative Defense

63. The claims asserted against M&R are barred by virtue of an accord and satisfaction.

### Tenth Affirmative Defense

64. At all relevant times M&R discharged its duties in the interest of the plans' participants and beneficiaries.

### Eleventh Affirmative Defense

65. At all relevant times M&R discharged its duties for the exclusive purpose of providing benefits to the plans' participants and their beneficiaries.

### Twelfth Affirmative Defense

66. At all relevant times M&R discharged its duties with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

### Thirteenth Affirmative Defense

67. At all relevant times M&R discharged its duties in accordance with the plans' documents.

### Fourteenth Affirmative Defense

68. At no time did M&R cause the plans to engage in a transaction with knowledge that such transaction constituted a furnishing of goods, services, or facilities between the plans and a party in interest.

### Fifteenth Affirmative Defense

69. At no time did M&R cause the plans to engage in a transaction with knowledge that such a transaction constituted a transfer to, or use by or for the benefit of a party in interest, of any assets of the plan.

### Sixteenth Affirmative Defense

70. At no time did M&R deal with assets of the Plans in its own interest or for its own account.

### Seventeenth Affirmative Defense

71. At no time did M&R act in any transaction involving the plans on behalf of a party (or represent a party) whose interests were adverse to the interests of the plans or the interests of their participants or beneficiaries.

### Eighteenth Affirmative Defense

72. The Complaint's putative claims against M & R are barred in their entirety by that certain Discretionary Investment Management Agreement by and between the Board of Trustees of the Trust Fund of the Local 810 affiliated pension Plan and M & R Capital Management, Inc. in that M & R fully performed its duties according to the terms and subject to the conditions of that written agreement.

### COUNTERCLAIM

73. By virtue of Plaintiffs' conduct in connection with the claims set forth in the Complaint, M&R is entitled to an award of attorneys' fees in this action pursuant o the Employment Retirement Income Security Act.

74. WHEREFORE, defendant M&R demands judgment dismissing the Complaint against it, an award of attorneys' fees, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 15, 2008

                      PADUANO & WEINTRAUB LLP

By: _____
    Joseph E. Gasperetti (JG 2120)
    Gideon Mark (GM 8990)
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
(212) 785-9100

Attorneys for Defendant
M&R Capital Management, Inc.